**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RANDALL SMITH**                                                                    **PLAINTIFF**

**v.**                                                      CIVIL ACTION NO.: 1:26cv113 LG-RPM

**EDUCATION MANAGEMENT, INC.
D/B/A BLUE CLIFF COLLEGE**                                         **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Randall Smith, by and through counsel, Nick Norris, P.A., brings this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 for sex discrimination against the Defendant, Education Management, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Randall Smith, is a male resident of Harrison County, Mississippi.

2.      Defendant, Education Management, Inc., may be served with process by serving its registered agent, Mollie F. Ludwig, 12251 Bernard Parkway, Gulfport, MS 39503.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964.

4.      This Court has subject matter jurisdiction and venue is proper in this Court.

5.      Plaintiff filed a Charge of Discrimination with the EEOC on February 5, 2025, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on April 7, 2026, a true and correct copy of which is attached as

Exhibit "B."  Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

6.      Defendant is an employer under Title VII of the Civil Rights Act of 1964.

7.      Plaintiff was employed by Education Management, Inc. d/b/a Blue Cliff College as an Instructor in the Diagnostic Medical Sonography (DMS) program from September 2024 until his termination on January 30, 2026.

8.      Mr. Smith's responsibilities included classroom instruction, scan lab instruction, grading, student competency evaluations, and development of quizzes and examinations.

9.      During his employment, the DMS program became staffed entirely by female instructors, and the student population was all female.

10.     Although male applicants were shown the program by Human Resources, no male students were enrolled.

11.     Plaintiff was the only male instructor in the program from 2024 until his termination.

12.     Beginning in October 2025, Portia Brown, who is the Chair of the DMS program, subjected Mr. Smith to heightened scrutiny and criticism not imposed on female instructors.

13.     He was repeatedly told that his job was at risk, that he was being paid too much, and that he was not contributing enough to the program.

14.     Mr. Smith was directed to alter student grades and lower passing scores, including grades that had already been submitted.

15.     Mr. Smith objected to these directives and raised concerns to administration.

16.     During this period, the Chair reviewed only my students' competency exams, sometimes without my presence, and required grade changes that caused students to fail.

17.     Female instructors were not subjected to similar oversight or interference with their grading.

18.     In November 2025, a female instructor was hired, and Mr. Smith was instructed to train her.

19.     She was assigned to assist in Mr. Smith's lab and was positioned to assume his duties.

20.     No comparable replacement planning occurred for female instructors.

21.     Also in October 2024, Plaintiff was disciplined and placed on probation following a complaint that I complimented a female coworker's appearance.

22.     Although the conduct was later determined by Defendant to be generally acceptable workplace behavior, Plaintiff was subjected to formal discipline and mandatory training.

23.     Female instructors were not disciplined for similar conduct.

24.     In December 2025, another instructor was directed to create an examination for Mr. Smith's class that included material not yet taught, resulting in all students failing.

25.     Mr. Smith was told by Defendant this outcome was expected.

26.     No female instructor was treated in this manner.

27.     After Mr. Smith again raised concerns to administration in late December 2025, the Chair informed Mr. Smith that she no longer trusted him.

27.     The Chair stated I was not the right person for the program, and threatened to reduce my hours.

3

28.   Following this meeting, the Chair ceased communicating with Mr. Smith.

29.   On January 30, 2026, Mr. Smith was terminated without explanation.

30.   At the time of his termination, the DMS program employed only female instructors, and the instructor I trained assumed his responsibilities as his replacement.

## CAUSE OF ACTION

## COUNT I: VIOLATION OF TITLE VII - SEX DISCRIMINATION

31.   Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32.   Defendant has discriminated against Plaintiff because of his sex based on the facts identified above which constitutes a violation of Title VII.

33.   Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

34.   The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1.  Back wages;
2.  Reinstatement or future pay in lieu of reinstatement;
3.  Compensatory damages;
4.  Punitive damages;
5.  Attorney's fees;
6.  Lost benefits;
7.  Pre-judgement and post-judgment interest;
8.  Costs and expenses; and
9.  Such further relief as is deemed just and proper.

4

THIS the 15th day of April 2026.

Respectfully submitted,

Randall Smith, Plaintiff

By: /s Nick Norris
NICK NORRIS (MB# 101574)
Attorney for Plaintiff

OF COUNSEL:

NICK NORRIS, P.A.
272 Calhoun Station Parkway
Suite C #13
Gluckstadt, MS 39110
601-641-4897
nick@nicknorris.law